Chief Justice Rehnquist,
with whom Justice Scalia and Justice Thomas join,
dissenting.
I dissent from the denial of certiorari. Petitioners identify a division between the Courts of Appeals about whether a city violates the First Amendment when its seal includes as one component a religious symbol, in particular a Latin cross. Compare 68 F. 3d 1226 (CA10 1995) and Harris v. City of Zion, 927 F. 2d 1401 (CA7 1991) (finding an Establishment Clause violation), with Murray v. City of Austin, 947 F. 2d 147 (CA5 1991) (finding no violation), cert. denied sub nom. Derden v. McNeel, 508 U. S. 960 (1992). Their petition also suggests — though it does not expressly raise — a serious question about respondents’ standing to press their First Amendment claim.
The Court of Appeals observed that neither party disputed respondents’ standing, but correctly observed that “[standing” *1202 was always necessary. 68 F. 3d, at 1229, n. 6. Last Term, we pointed out that “[t]he question of standing is not subject to waiver: ‘We are required to address the issue even if the courts below have not passed on it, and even if the parties fail to raise the issue before us.’ ” United States v. Hays, 515 U. S. 737, 742 (1995) (quoting FW/PBS, Inc. v. Dallas, 493 U. S. 215, 230-231 (1990)) (citation omitted).
The Court of Appeals noted respondents had standing under its decision in Foremaster v. City of St. George, 882 F. 2d 1485, 1490 (CA10 1989), cert. denied, 495 U. S. 910 (1990). 68 F. 3d, at 1229, n. 6. In Foremaster, the Court of Appeals inquired whether a plaintiff challenging a city logo containing a depiction of the local Mormon temple alleged a direct injury when he alleged that he was “confronted by the logo on a daily basis.” 882 F. 2d, at 1491. Reviewing our decision in Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U. S. 464 (1982), the court held that “an allegation of direct personal contact with the offensive action alone” alleged a direct injury, and that it was not necessary for a plaintiff to allege also that “he has altered his behavior as a consequence” of the offensive action. 882 F. 2d, at 1490.
The only factual statement as to what injury respondents in the present case might have suffered is that “[pjlaintiffs are non-Christians who live or work in Edmond.” 68 F. 3d, at 1228. Mere presence in the city, without further allegations as to injury, quite clearly fails to meet the standing requirements laid down in cases such as Valley Forge. There, we said:
“Although respondents claim that the Constitution has been violated, they claim nothing else. They fail to identify any personal injury suffered by them as a consequence of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees. That is not an injury sufficient to confer standing under Art. Ill . . . .” 454 U. S., at 485.
The Foremaster court acknowledged that there was disagreement among the Courts of Appeals about whether Valley Forge allowed standing to a plaintiff alleging direct injury by being exposed to a state symbol that offends his beliefs. 882 F. 2d, at 1490; see also Freedom From Religion v. Zielke, 845 F. 2d 1463 (CA7 1988) (finding this allegation insufficient); Saladin v. City of *1203 Milledgeville, 812 F. 2d 687 (CA11 1987); Hawley v. City of Cleveland, 778 F. 2d 736 (CA6 1985) (finding it sufficient), cert. denied, 475 U. S. 1047 (1986). Because there are serious arguments on both sides of this question, the Courts of Appeals have divided on the issue, and the issue determines the reach of federal courts’ power of judicial review of state actions, I would take this opportunity to consider it.
For these reasons, I would grant the petition for certiorari and request the parties to address the additional question whether respondents showed an injury in fact sufficient to give them standing to raise their claim of violation of the Establishment Clause of the First Amendment.