167 F.3d 1155
 79 Fair Empl.Prac.Cas. (BNA) 203,
75 Empl. Prac. Dec. P 45,770
Charles O. ROBINSON and Belinda Taylor, individually and on
behalf of a class of similarly situated persons,
Plaintiffs-Appellants,
v.
SHERIFF OF COOK COUNTY, Defendant-Appellee.
 No. 98-2333.
 United States Court of Appeals,
Seventh Circuit.
 Argued Dec. 10, 1998.
Decided Feb. 8, 1999.
 
 Kenneth N. Flaxman (argued), Chicago, IL, for Plaintiffs-Appellants.
 Gina E. Brock (argued), Jack Murphy, Office of the State's Attorney of Cook County, Chicago, IL, for Defendant-Appellee.
 Before POSNER, Chief Judge, and RIPPLE and EVANS, Circuit Judges.
 POSNER, Chief Judge.
 
 
 1
 The appeal in this Title VII case presents questions of class action procedure. 42 U.S.C. §§ 2000e et seq.; Fed.R.Civ.P. 23. The suit was filed by Charles Robinson on behalf of those blacks (387 in all) who, although certified as eligible for appointment as Cook County correctional officers between roughly 1991 and 1995, had not been appointed when this suit was filed in 1995. The basis of the suit is disparate impact: only 34 percent of black applicants were hired during the period covered by the complaint, compared to 53 percent of white applicants. If disparate impact is proved, the burden shifts to the employer to show that the hiring methods responsible for the disparity are necessary to the efficient conduct of his business. 42 U.S.C. § 2000e-2(k)(1)(A)(i).
 
 
 2
 The defendant (the Sheriff of Cook County) denied that the plaintiffs' statistics demonstrated disparate impact and asserted that the methods used to choose among the applicants, methods that include review of the applicant's employment history, an interview, and a drug test, are necessary to assure the hiring of competent correctional officers. Challenging Robinson's suitability as a class representative, the Sheriff presented evidence that Robinson's application had been turned down because of his very poor employment record, which among other things contained an unexplained 27-month gap between jobs. The judge rejected Robinson as class representative but permitted Belinda Taylor to join the suit as a plaintiff and take Robinson's place as class representative. But when it was discovered that Taylor had never filed a charge of discrimination with the EEOC, which is a prerequisite to filing a Title VII lawsuit, the judge threw out her claim and disqualified her from serving as Robinson's successor as class representative.
 
 
 3
 Robinson at this point was still in the case, though just with his individual claim. At his lawyer's suggestion, the judge conducted a bench trial limited to the issue whether, assuming without deciding that there was a prima facie case of disparate impact, the defendant could show that Robinson's application had been turned down for compelling business reasons. (Conducting an evidentiary hearing limited to a discrete, potentially dispositive issue is an authorized and frequently a sensible method for expediting the decision of cases. Fed.R.Civ.P. 42(b); Thompson v. Mahre, 110 F.3d 716, 720-21 (9th Cir.1997). Separate trials on liability and relief are only the most common application of Rule 42(b). See, e.g., MCI Communications Corp. v. AT&T Co., 708 F.2d 1081, 1166-68 (7th Cir.1983); Saxion v. Titan-C-Manufacturing, Inc., 86 F.3d 553, 556 (6th Cir.1996).) The judge so found and dismissed Robinson's case. Robinson and Taylor appeal, arguing that the class should be certified with Robinson and Taylor as the class representatives irrespective of the deficiencies in their claims, and in addition that the dismissal of Robinson's discrimination claim should be reversed.
 
 
 4
 In effect the appeal asks us to graft Robinson's timely filing with the EEOC onto Taylor's untimely but not-yet-shown-to-be-unmeritorious discrimination case to create a composite plaintiff to represent the class of blacks denied employment by the defendant. We cannot find any basis in law or good sense for such ghastly surgery. Neither plaintiff is a suitable class representative, and zero plus zero is zero.
 
 
 5
 In considering the issue of class certification, we set to one side the results of the bench trial. The fact that the named plaintiff in a class action turns out not to have a meritorious claim does not doom the class action. If Robinson should have been approved as class representative before his bench trial, the fact that he lost at that trial would not be fatal to the class. Sosna v. Iowa, 419 U.S. 393, 399, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Certification would make the members of the class parties, and one of them could be selected as class representative in place of Robinson. The bench trial was limited to the question whether Robinson had been turned down for innocent reasons, and the circumstances of other class members might be different, in which event the suit could continue--though not (as we are about to see) with him as class representative.
 
 
 6
 So we must focus on the situation as it appeared when the judge ruled that Robinson was not a suitable class representative. Under Rule 23, the class representative's claim must be typical of the claims of the class, and he must also be an adequate representative of the class. Fed.R.Civ.P. 23(a)(3), (4). The first of these requirements is really an aspect of the second; if his claim is atypical, he is not likely to be an adequate representative; his incentive to press issues important to the other members of the class will be impaired. General Telephone Co. v. Falcon, 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); In re American Medical Systems, Inc., 75 F.3d 1069, 1082-83 (6th Cir.1996). And if when class certification is sought it is already apparent--as it was here because of Robinson's employment history as shown on the application that he submitted to the Sheriff's office--that the class representative's claim is extremely weak, this is an independent reason to doubt the adequacy of his representation. East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403-04, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977); Hardy v. City Optical Inc., 39 F.3d 765, 770 (7th Cir.1994); Hanon v. Dataproducts Corp., 976 F.2d 497, 508-09 (9th Cir.1992). One whose own claim is a loser from the start knows that he has nothing to gain from the victory of the class, and so he has little incentive to assist or cooperate in the litigation; the case is then a pure class action lawyer's suit. Cf. Frahm v. Equitable Life Assurance Society, 137 F.3d 955, 957 (7th Cir.1998). Finally, if the class representative's claim is both weak and typical--if the case as a whole is as weak as the representative's individual claim--then the case should be dismissed, with or without class certification. E.g., Coe v. County of Cook, 162 F.3d 491 (7th Cir.1998). The plaintiffs' lawyer, who we assume is the real mover and shaker in this suit, would not be happy to have this case certified as a class action and then dismissed; that would have res judicata effect on any unnamed class members who did not opt out. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 176, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); Pabst Brewing Co. v. Corrao, 161 F.3d 434, 439 (7th Cir.1998); Bieneman v. City of Chicago, 838 F.2d 962, 964 (7th Cir.1988) (per curiam).
 
 
 7
 The point is not that a plaintiff is disqualified as class representative if he may fail to prove his case or if the defendant may have good defenses. Wagner v. NutraSweet Co., 95 F.3d 527, 534 (7th Cir.1996). That would imply that the only appropriate class representative is a plaintiff who has a 100 percent chance of prevailing if the case is tried. But if his claim is a clear loser at the time he asks to be made class representative, then approving him as class representative can only hurt the class.
 
 
 8
 The class here has 387 members. If none of them has a better case than Robinson, the suit should certainly fail. If some have better cases, we don't understand why the lawyer for the class has not added any of them to the suit. The case cannot have much merit if the only claim of the only other candidate for representative that the lawyer has been able to extract from this large number of people is clearly time barred.
 
 
 9
 If Robinson had been an appropriate class representative and if, the other prerequisites to class certification besides an appropriate class representative having been satisfied, something later had happened to make him no longer an appropriate representative--death, for example, or (the example we gave earlier) a definitive rejection of his case on the merits--the class action could be kept alive by the appointment of a new class representative. Kremens v. Bartley, 431 U.S. 119, 134-35, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977); Walters v. Edgar, 163 F.3d 430, 432-33 (7th Cir.1998); In re Brand Name Prescription Drugs Antitrust Litigation, 115 F.3d 456, 457-58 (7th Cir.1997). It might even be someone like Taylor who had not filed a timely claim with the EEOC, because once a Title VII class action is up and running the class members are not required to inundate the EEOC with what amount to meaningless requests for right to sue letters. 42 U.S.C. §§ 2000e-5(e), (f)(1); Forehand v. Florida State Hospital, 89 F.3d 1562, 1565 n. 8 (11th Cir.1996); EEOC v. Wilson Metal Casket Co., 24 F.3d 836, 839-40 (6th Cir.1994). But there was no class action when Taylor was added to the suit. There was no class representative who had dropped the baton for her to pick up; Robinson had never been approved as the class representative. Taylor's suitability as class representative had thus to be determined independently of him. Wakeen v. Hoffman House, Inc., 724 F.2d 1238, 1245-46 (7th Cir.1983); Shempert v. Harwick Chemical Corp., 151 F.3d 793, 799 (8th Cir.1998); Griffin v. Dugger, 823 F.2d 1476, 1493 (11th Cir.1987). She was even more unsuitable than he, looked at by herself, because her failure to file a timely charge with the EEOC was an even more disabling weakness than Robinson's spotty employment record.
 
 
 10
 Class action certification having been properly denied, and the district judge having committed no clear error in finding in the bench trial that Robinson's individual Title VII claim had no merit, the judgment of the district court is
 
 
 11
 AFFIRMED.