In re Brenda K. WILEY, Debtor.

Brenda K. Wiley, Plaintiff,

v.

Paul Mason & Associates, Inc., d/b/a Creditors' Bankruptcy Service, Defendant.

Bankruptcy No. 93 B 21024.
Adversary No. 98 A 00356.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

May 21, 1999.

Daniel Edelman, Cathleen Combs, James Latturner, Michelle Teggelaar, Edelman & Combs, John Roddy, Frederic Grant, Grant & Roddy, Boston, MA, Edward O'Brien, Nashua, NH, Lorraine Greenberg, Chicago, IL, for Plaintiff.

John Hynes, Clausen Miller, Chicago, IL, Timothy Zeiger, McKinley, Ringer, Zeiger, Dallas, TX, Terri M. Long, Homewood, IL, for Defendant.

## MEMORANDUM OPINION ON DEFENDANT'S MOTION TO RECONSIDER

JACK B. SCHMETTERER, Bankruptcy Judge.

This proceeding arises in the bankruptcy case filed by Brenda K. Wiley ("Debtor," "Plaintiff," or "Wiley") under Chapter 7 of ·the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, on October 6, 1993. During the course of her bankruptcy, Debtor attempted to reaffirm a debt to Busch Jewelry Company through Paul Mason & Associates, d/b/a/ Creditors' Bankruptcy Service ("CBS") acting on behalf of Busch. That reaffirmation agreement is at the heart of these proceedings. On February 14, 1994, Debtor received her discharge, and her bankruptcy was subsequently closed. On February 9, 1998, Debtor's bankruptcy was reopened when three counts of a five-count class action against Busch and CBS were referred to the bankruptcy court from the district court. On February 13, 1998, those three counts were docketed with the bankruptcy court as an adversary proceeding. Of the several original defendants, only one remains: Paul Mason & Associates, Inc. d/b/a/ Creditors Bankruptcy Service ("Defendant").

Several motions were filed: 1) Defendant's motion to dismiss; 2) Defendant's motion for summary judgment; 3) Plaintiff's motion for class certification; and 4) Plaintiff's motion to strike affirmative defenses. Pursuant to a memorandum opinion and the four orders accompanying it, all entered on August 27, 1998, CBS' motion to dismiss was granted as to Count III but denied as to the remaining counts, and its motion for summary judgment was granted as to Count II but denied as to Count I (although Plaintiff's prayer for damages in Count I was stricken). In addition, Plaintiff's motion for class certification was allowed solely for injunctive and declaratory relief under Fed.R.Civ.P. 23(b)(2) (Fed.R.Bankr.P. 7023), and her motion to strike affirmative defenses was granted in part and denied in part. On January 11, 1999, an order was entered certifying a class solely for injunctive and declaratory purposes with respect to Count I of the Adversary Complaint.

Defendant has since moved to "reconsider" or to reform and thereby vacate the orders denying dismissal of Count I and granting class certification. For reasons discussed below, the order certifying a class under Fed.R.Civ.P. 23(b)(2) will be

vacated, class certification will be denied, and Count I will be dismissed, thus ending this litigation.

## JURISDICTION

 Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(O).[1]

## DISCUSSION

The facts involved in this matter are fully stated in the earlier opinion, *In re Wiley,* 224 B.R. 58 (Bankr.N.D.Ill.1998). In short, the earlier opinion found that Debtor had no cause of action for an alleged violation of the automatic stay, and Debtor made voluntary payments on a discharged debt, thus she had no cause of action for a violation of the discharge order. However, the opinion also found that the reaffirmation agreement executed by CBS and Debtor contained a provision which may be illegal under 11 U.S.C. § 524(c) because it placed a limitation on Debtor's right to rescind the reaffirmation agreement. As a result, an order was entered certifying a class solely for injunc-

tive and declaratory relief in Count I of the Adversary. It now appears that Debtor lacks standing to bring this action, thus the remaining part of the Adversary, which is Count I, will be dismissed. Therefore, class certification was improvidently granted and that will be vacated.

## STANDARDS FOR A MOTION TO ALTER JUDGMENT

 All substantive post-judgment motions filed within 10 days of judgment[2] are reviewed under Fed.R.Civ.P. 59(e) applicable herein pursuant to Fed.R.Bankr.P. 9023 as motions to alter or amend the judgment. *Mendenhall v. Goldsmith,* 59 F.3d 685, 689 (7th Cir.), *cert. denied,* 516 U.S. 1011, 116 S.Ct. 568, 133 L.Ed.2d 492 (1995); *see also* Fed.R.Civ.P. 59(e) (stating that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment"). Such motions, often mischaracterized as "motions to reconsider," serve to correct a court's own errors; they are not vehicles for relitigation or new legal theories. *Russell v. Delco Remy Div. Of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995).

A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evi-

---

1. On the same day Defendant filed its motion to reconsider, Defendant also filed a motion for leave to appeal the same judgment. Ordinarily, once an appeal is filed, the bankruptcy court loses all jurisdiction over the subject matter. *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1240 (7th Cir.1986 ) (citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (stating once appeal is taken from judgment lower court loses power to take any further action over aspects of case involved in appeal)). However, in this case, the bankruptcy court has not lost jurisdiction to rule on the motion to reconsider. "[T]imely requests for rehearing automatically suspend the finality of the order (and therefore make an immediate appeal impossible) even if no rule provides for this." *Matter of X–Cel, Inc.,* 823 F.2d 192, 193 (7th Cir.1987) (citing *United States v. Dieter,* 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976), and *United States v. Healy,*

376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964)). "An appeal while the request for rehearing is pending may be premature, as it will present for appellate review a judgment that may no longer represent the district court's conclusions." *Id.* at 193 (holding that a timely motion to reconsider under Fed. R.Bankr.P. 8015 makes the judgment non-appealable).

2. Judgment was entered on August 27, 1998, and Defendant's motion was filed on September 8, 1998. While this appears to be outside the 10 day period, pursuant to Fed.R.Bank.P. 9006(a), when computing the final day of a period of time, weekends and holidays are not counted. As September 6, 1998, was a Sunday and September 7, 1998, was a public holiday, Defendant's motion to reconsider was timely filed.

dence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact. The decision whether to grant or deny a Rule 59(e) motion is entrusted to the sound judgment of the district court, and we will reverse only for an abuse of discretion.

*Matter of Prince*, 85 F.3d 314, 324 (7th Cir.), *reh'g denied, cert. denied*, 519 U.S. 1040, 117 S.Ct. 608, 136 L.Ed.2d 534 (1996) (citations omitted).

## CLASS CERTIFICATION

 Although a class has been certified in this matter, an order certifying a class action may be altered or amended at any time before a decision on the merits. Fed.R.Civ.P. 23(c)(1). Pursuant to Rule 23(a), applicable in bankruptcy proceeding by virtue of Fed.R.Bankr.P. 7023, there a four basic prerequisites to a class action:

(1) the class must be so numerous that joinder of all members is impracticable;

(2) there must be common questions of law or fact;

(3) the class representatives claims or defenses must be typical of the class; and

(4) the class representative must be able to fully and fairly protect the interests of the class.

In addition, under Rule 23(b) an action may be maintained as a class action if the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Fed.R.Civ.P. 23(b)(2). The party moving for class certification bears the burden of proof on the propriety of class certification. *Retired Chicago Police Assoc. v. City of Chicago*, 7 F.3d 584, 596 (7th Cir.1993) (citing *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir.1984)).

While it was originally determined that class treatment was appropriate in Count I solely for limited injunctive and declaratory relief purposes, upon reconsideration it appears that Debtor is not an appropriate class representative. Debtor has never been injured by CBS' behavior nor is it likely that Debtor will be injured at any time in the future. Thus, under authorities in this Circuit discussed below, the requirement of adequacy of representation has not been met.

## ADEQUACY OF REPRESENTATION

 There are two components to adequacy of representation: (1) "the adequacy of the named plaintiff's counsel;" and (2) "the adequacy of representation provided in protecting the different, separate, and distinct interest of the class members." *Retired Chicago Police Assoc. v. City of Chicago*, 7 F.3d 584, 598 (7th Cir.1993) (citing *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir.1986) (en banc)). Wiley's counsel was earlier found competent to represent the class. *See Wiley*, 224 B.R. at 77–78. However, Wiley herself is not an adequate class representative. She has not suffered any damages. As she has suffered no damages, she is unable to bring an action for injunctive or declaratory relief. Thus, she is not an adequate class representative.

As more fully discussed in the earlier opinion *Wiley*, published at 224 B.R. 58, Debtor, through her attorney Lorraine Greenberg ("Greenberg"), negotiated with CBS and executed a form reaffirmation agreement which was never filed with the bankruptcy court. Ms. Greenberg was aware that the reaffirmation was unenforceable. The knowledge of Debtor's attorney was imputed to Debtor. Thus, all payments made on the discharged debt were found to have been voluntary. As a result, Debtor suffered no injury.

 A class representative must be part of the class he or she purports to represent and "possess the same interest and suffer the same injury" as the other class members. *East Texas Motor Freight System Inc. v. Rodriguez*, 431 U.S.

395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977) (citations omitted); *see also, Davis v. Ball Memorial Hospital Assoc., Inc.,* 753 F.2d 1410, 1417 (7th Cir.1985). Wiley suffered no injury and is thus an inadequate class representative. Wiley signed a reaffirmation agreement containing an apparently illegal and invalid clause. But, even if this clause did violate the Bankruptcy Code, it did not injure Wiley. Wiley knew her reaffirmation agreement was invalid because it was never filed. As a result, her payments were found in the earlier opinion to be voluntary payments on a discharged debt. As she was already aware the reaffirmation agreement was invalid because it had not been filed, its potential invalidity due to the language limiting rescission could not have harmed her in any way. Wiley is therefore not an adequate class representative and the class should not have been certified at her instance.

 In addition, as Wiley lacks standing to bring this action, she is not an adequate class representative for that reason as well. A panel opinion in this Circuit recently stated that if, at the time class certification is sought, it already appears that the proposed class representative's claim is weak, then that is good reason to doubt the adequacy of such representation. *Robinson v. Sheriff of Cook County,* 167 F.3d 1155, 1157 (7th Cir.1999). In order for Wiley to have standing, she must have a personal stake in the outcome of the lawsuit resulting from the alleged illegal activity before a federal court may assume jurisdiction. *O'Shea v. Littleton,* 414 U.S. 488, 493, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974). "It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct." *Id.* at 494, 94 S.Ct. at 675. Here, it was uncontested that Wiley sustained no injury and is in no danger of injury in the future. Wiley therefore has no standing and may not seek relief on behalf of herself or on behalf of any other member of the class. *Id.* As Wiley has no standing upon which to maintain this action, she is not an appropriate representative.

 Moreover, even if Wiley had been injured in the past, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *Id.* at 494–96, 94 S.Ct. at 676.

> That a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."

*Palmer v. City of Chicago,* 755 F.2d 560, 570 (7th Cir.1985) (citing *Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 40 n. 20, 96 S.Ct. 1917, 1925, n. 20, 48 L.Ed.2d 450 (1976)).

 Moreover, as Wiley suffered no injury, the "capable of repetition, yet evading review" doctrine cannot apply. That doctrine applies where: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *United States v. Fischer,* 833 F.2d 647, 648–49 (7th Cir.1987). A "mere physical or theoretical possibility of repetition is not sufficient; there must be a 'demonstrated probability that the same controversy will recur involving the same complaining party." *Id.* (quoting *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1184, 71 L.Ed.2d 353 (1982)). Moreover, a "representative's claim must at least be live when he files the case, even if the representative's case becomes moot before the class is certified." *Robinson v. City of Chicago,* 868 F.2d 959, 968 (7th Cir.1989), *cert. denied,* 493 U.S. 1035, 110 S.Ct. 756, 107 L.Ed.2d 773 (1990) (citations omitted).

As stated, Wiley had no injury at the time she filed this action. Moreover, she had not been injured by CBS' behavior at any time prior to filing the action. Her case therefore does not fall within the exception created by the "capable of repetition, but evading review" doctrine.

 Plaintiff argues that even if she is determined to be an improper class representative, the class action may still continue with another representative in place. It is true that the "fact that the named plaintiff in a class action turns out not to have a meritorious claim does not doom the class action." *Robinson*, 167 F.3d at 1157. However, in this Circuit that principle is applicable only where class certification was proper in the first instance. "If [plaintiff] had been an appropriate class representative and if, the other prerequisites to class certification besides an appropriate class representative having been satisfied, something later had happened to make him no longer an appropriate representative—death, for example, or ... a definitive rejection of his case on the merits—the class action could be kept alive by the appointment of a new class representative." *Id.* However, as discussed above, Wiley was never an appropriate class representative, and certification was therefore never appropriate. Appointment of a new representative in this Adversary case is not possible or appropriate. Upon dismissal, there will be no pending class action in which to substitute a new representative, *Id.* at 1158, and Plaintiff's counsel will have to advance their theory and possible cause of action in another case.

 Moreover, even if another potential class representative were named, without Debtor as plaintiff, the undersigned judge would lack authority over a class action related to a bankruptcy not assigned to him. Debtor is a necessary party to this Adversary because it relates to Debtor's bankruptcy which is assigned here. Adversary proceedings are subactions raised within a bankruptcy case and

commenced by the filing of a complaint. *In re Blevins Elec., Inc.*, 185 B.R. 250, 253 (Bankr.E.D.Tenn.1995). This Adversary could not continue to relate to Debtor's bankruptcy without the presence of Debtor.

Thus, the order certifying a class will be vacated, and Plaintiff's motion to certify a class will be entirely denied.

### Motion for Relief From Order Denying Motion to Dismiss

 In addition, Debtor lacks standing under Count I to bring this action on her own behalf. As a result, the order denying dismissal of Count I will be vacated and that Count will be dismissed. As discussed above in the context of being an adequate class representative, Plaintiff lacks standing to bring an action for an injunction or for declaratory relief. While there may be other debtors out there who are making payments based upon unenforceable reaffirmation agreements or who rescinded those agreements only to find that they would not receive a refund of their first few payments because of the likely illegal clause discussed in the earlier opinion, the lack of any real possibility that Debtor will execute another such reaffirmation agreement means there is no real and immediate case or controversy presented here. *See Knox v. McGinnis*, 998 F.2d 1405, 1413 (7th Cir.1993). Again, as Wiley never suffered any harm and is not likely to be harmed in the future, the "capable of repetition, but evading review" doctrine cannot save her claim. As discussed above, "when seeking injunctive and declaratory relief, a plaintiff must establish 'that he is in immediate danger of sustaining some direct injury.'" *Feit v. Ward*, 886 F.2d 848, 857 (7th Cir.1989).

 Plaintiff argues that a party who had standing to bring a cause of action does not lose standing by losing on one issue before the court. However, for reasons earlier stated, Plaintiff never had standing though that issue was not earlier

addressed. The failure to address the issue earlier is not fatal to this discussion, however. Standing is an issue which may be raised at any time during the course of a proceeding. *City of Edmond v. Robinson*, 517 U.S. 1201, 1201, 116 S.Ct. 1702, 1703, 134 L.Ed.2d 801 (1996) (quoting "the question of standing is not subject to waiver: 'we are required to address the issue even if the courts below have not passed on it, and even if the parties fail to raise the issue before us,'" *United States v. Hays*, 515 U.S. 737, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995)). It was perfectly appropriate to bring it to the court's attention at this time.

Finally, Debtor argues that the issue of denial of monetary relief (dismissal of Count III and summary judgment on Count II) is not a final order and therefore Wiley's lack of standing should not be considered. As stated above, standing is an issue that can be raised at any time and by any party. Wiley has no standing to bring an action for injunctive relief and no maintainable cause of action in her other counts. Thus, the order denying dismissal of Count I will be vacated and that Count is to be dismissed.

### REQUEST FOR MODIFICATION OF EARLIER OPINION

The earlier opinion found that the form reaffirmation agreement generally used by CBS likely contained an invalid and potentially illegal clause. The reaffirmation agreement expressly stated that in the event Debtor exercised her right to rescind the agreement, the creditor would retain all payments made prior to rescission. Defendant has taken exception to the court's use of the word "illegal" when describing the offensive phrase. The reaffirmation agreement was earlier discussed as being apparently invalid, illegal, and unenforceable because part of the agreement allowed the creditor to retain all payments made prior to rescission, and that is a restriction on a debtor's right to rescind that seems contrary to the statute.

It has not been shown that the reasoning in the earlier published opinion on that subject was incorrect.

CBS requests that publication of the opinion be stayed or that the opinion and order entered August 27, 1998 be withdrawn or amended to remove language suggesting that CBS' form contains an illegal provision. CBS argues that:

> publication of the conclusion that CBS used a form which is characterized as "illegal" will materially and irreparably adversely effect the irreplaceable business reputation of the company. Publication will also affect Mr. William R. Mapother [the author of the form book] and the hundreds of creditors who have used and relied on his books over the past decade.

CBS' Motion to Reconsider at 2–3. This is supported by a submission from a legal author, a Mr. William Mapother, who published a book advocating the form followed by Defendant.

First, CBS' motion to stay publication will be denied as moot. The opinion was sent out for publication prior to CBS' filing its motion to reconsider. Second, as the CBS' Rule 59(e) motion will be granted, its motion to withdraw the opinion or further amend it to remove the "objectionable" language will also be denied as moot.

A published opinion should be withdrawn only if in error or for other good cause. For reasons discussed at length in the earlier opinion, a portion of the language contained within the CBS reaffirmation agreements complained of impermissibly and inappropriately infringed upon a debtor's right to rescind entirely a reaffirmation agreement. A creditor may not claim that such limitation on monies to be returned to a debtor after rescission can substitute for a creditor suit to recover use and occupancy payments should rescission be exercised. As a result, the reaffirmation agreements filed by CBS that contain the limitations language are facially void and unenforceable. Mr. Mapother is not a party to this proceeding,

has never been a party to this proceeding, and has never filed an appearance of any kind. Any adverse effects that the opinion might have on him or his book flow from the Bankruptcy Code with which his form is not entirely compatible as discussed in the earlier opinion. Moreover, the legal discussion of the creditor's use of the form agreement was directly relevant to the discussion in this and the prior opinion of possible class certification.

### CONCLUSION

It is still possible that Defendant is using the same reaffirmation agreement form (although its counsel have represented that it does not do so any longer). If so, some other class representative may well come forward and challenge this practice in another case. However, Wiley has not been and is not an appropriate plaintiff to bring this action to enjoin the practice on behalf of others.

For reasons and pursuant to authorities discussed above, the order denying dismissal of Count I and also the order certifying a class will each be vacated. Also, Count I will be dismissed, thus ending the litigation. Separate orders will enter to carry out these rulings.