# In the

# United States Court of Appeals

## For the Seventh Circuit

————————

No. 06-8001

IN RE:

HOUSEHOLD INTERNATIONAL TAX REDUCTION PLAN,

*Petitioner*.

————————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 96 C 1095—**Joan B. Gotschall**, *Judge*.

————————

SUBMITTED JANUARY 31, 2006—DECIDED MARCH 20, 2006

————————

Before POSNER, RIPPLE, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*.  An ERISA plan has asked us for permission to appeal from the district court's decision to certify a suit against the plan as a class action. (For an earlier stage of our engagement with this protracted litigation, which produced three interlocutory appeals before class certification, see *Matz v. Household International Tax Reduction Investment Plan*, 388 F.3d 570 (7th Cir. 2004).) Rule 23(f) of the civil rules gives us discretion to entertain such an appeal, but sets forth no criteria to guide the exercise of that discretion. We have devised our own criteria. The only one of the criteria that is applicable to this case—and it is applicable to only one of the issues that the plan would like us to resolve and so it's the only issue we shall

resolve—is whether deciding the appeal would advance the development of the law governing class actions. *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 834-35 (7th Cir. 1999); see also *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 658 (7th Cir. 2004). That issue, a novel though not difficult one, is whether unnamed class members in an ERISA class action suit must always exhaust their plan remedies as a condition to being allowed to be members of the class. The district judge thought not, and we agree. Although technically only the petition for leave to appeal is before us, the parties have briefed the merits of the appeal and so we can proceed to decision.

Even in a Title VII case, where the plaintiff, including the named plaintiff in a class action, must exhaust his adminis-trative remedies before suing, 42 U.S.C. § 2000e-5(e)(1); *Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1158 (7th Cir. 1999); *Banas v. American Airlines*, 969 F.2d 477, 481 (7th Cir. 1992), the class members need not also do so if, as will usually be the case (for otherwise class treatment would be inappropriate), their claims are very similar to those of the named plaintiff. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 414 n. 8 (1975); *Robinson v. Sheriff of Cook County*, *supra*, 167 F.3d at 1158; *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989); *Romasanta v. United Airlines, Inc.*, 537 F.2d 915, 919 (7th Cir. 1976); *Snell v. Suffolk County*, 782 F.2d 1094, 1100-02 (2d Cir. 1986). Such exhaustion *is* required in social security class action cases, but that is because of the wording of the exhaustion provision in the social security statute. See 42 U.S.C. § 405(g); *Califano v. Yamasaki*, 442 U.S. 682, 699-701 (1979). That wording has no counterpart in Title VII's exhaustion provision—and ERISA does not mention exhaustion at all.

Exhaustion of nonjudicial remedies, whether administrative or, in an ERISA case, of the arbitral-like internal remedies prescribed by the ERISA plan, "furthers the goals of minimizing the number of frivolous lawsuits, promoting non-adversarial dispute resolution, and decreasing the cost and time necessary for claim settlement . . . and enables the compilation of a complete record." *Gallegos v. Mount Sinai Medical Center*, 210 F.3d 803, 808 (7th Cir. 2000); see also *Ames v. American Nat'l Can Co.*, 170 F.3d 751 (7th Cir. 1999); *Communications Workers of America v. American Tel. & Tel. Co.*, 40 F.3d 426, 432 (D.C. Cir. 1994); *Makar v. Health Care Corp.*, 872 F.2d 80, 83 (4th Cir. 1989). These purposes determine how much exhaustion to require in a class action. If the complaint or subsequent filings adequately identify the class members' claims and demonstrate that they are indeed very similar to those of the named plaintiff, the defendant knows what he is facing and can make efforts to settle the full array of claims. In such a case, requiring exhaustion by the individual class members would merely produce an avalanche of duplicative proceedings and accidental forfeitures, and so is not required.

This is emphatically the case when dealing with class actions under ERISA, where, there being no statutory requirement of exhaustion, the district court has discretion to require no exhaustion by anyone. *Powell v. A.T. & T. Communications, Inc.*, 938 F.2d 823, 825 (7th Cir. 1991); *Gallegos v. Mount Sinai Medical Center, supra*, 210 F.3d at 808. The district judge in this case did not abuse his discretion by requiring only the named plaintiff to exhaust, given the similarity of the plaintiff's claim to the claims of the unnamed class members; both he and they are complaining about the termination of their rights under Household's pension plan. We need not consider the effect of a provision in the plan document itself requiring exhaustion of internal

remedies as a precondition to any right of relief, including as an unnamed class member. Household does not contend that the plan document (which is not in the record) contains any such requirement or argue the legal effect if it did.

But we disagree with the district judge's alternative ground, which was that the plaintiff had in fact exhausted the remedies of the unnamed class members. This would be true if the plaintiff had presented his claim to the defendant plan as if it were a class action claim, asking relief on behalf of the members of the class. But that is not (quite) what he did, since he did not mention employees of two subsidiaries of Household, though their employees are members of the class too. Rather than asking whose internal remedies the plaintiff was exhausting besides his own, the district court should have asked whether some useful purpose would be served by requiring any of the unnamed class members to have exhausted their internal remedies. Fortunately she asked that question too and gave an answer that cannot be deemed an abuse of discretion. The two subsidiaries apparently did not have a separate plan; their employees contributed to the Household plan.

AFFIRMED.

No. 06-8001 5

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*