**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Doris FISCHER, et al.,
Defendant–Appellee.**

**No. 86–2421.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 13, 1987.

Decided Nov. 9, 1987.

William J. Landers, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Jo–Anne Wolfson, Chicago, Ill., for defendant-appellee.

Before POSNER and COFFEY, Circuit Judges, and GRANT, Senior District Judge.[*]

GRANT, Senior District Judge.

The United States of America has appealed the district court's granting of appellee's motion for reimbursement of funds out of the escrowed proceeds being restrained subject to forfeiture. Since that decision by the district court and the subsequent appeal, appellee Doris Fischer has been sentenced pursuant to a plea agreement, and has been ordered to forfeit the escrowed proceeds to the United States. We therefore now find the issue of reimbursement to be moot, and dismiss the appeal.

**I**

The grand jury indictment, returned on April 23, 1986, charged Fischer and others with conspiring to operate a prostitution business which served customers who placed "orders" by telephone and paid with

---

[*] Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is   sitting by designation.

cash or credit cards. It further charged that Fischer had obtained $1,053,894 as proceeds from her one-half interest in the enterprise, and that she concealed her cash income via a bookkeeping system coordinated by a co-defendant accountant. The indictment sought forfeiture of her interest in (1) the Buffalo Grove, Illinois house allegedly used in the prostitution business; (2) other assets used in the enterprise; and (3) the proceeds from her one-half interest in the business.

Orders had been issued, both before and after the indictment, pursuant to 18 U.S.C. § 1963(d)(1)(A) and (2), restraining Fischer from selling, transferring, or assigning her interest in those assets and proceeds. However, the court allowed the sale of the Buffalo Grove house, and placed the proceeds of that sale in escrow.

On July 29, 1986, Fischer moved for reimbursement of $5,307.12 that she had paid out for "ordinary and necessary expenses."[1] The motion was granted on August 26, 1986; the government appealed. It is that appeal which is presently before us.

However, on May 20, 1987, appellee signed a plea agreement in which she pled guilty to Counts 1 (including forfeiture), 24 and 25 of the indictment. Pursuant to that agreement, Fischer was sentenced, on August 17, 1987, to two years of imprisonment and five years of probation, and was ordered by Order and Judgment of Forfeiture filed August 28, 1987, to forfeit to the United States all right, title and interest to the property being restrained. Because we find that appellant's motion for reimburse-

ment has now become moot, we dismiss the appeal.[2]

## II

The Supreme Court established the standard test for mootness in *Murphy v. Hunt,* 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam):

> In general a case becomes moot " 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 [100 S.Ct. 1202, 1208, 63 L.Ed.2d 479] (1980), quoting *Powell v. McCormack,* 395 U.S. 486, 496 [89 S.Ct. 1944, 1951, 23 L.Ed.2d 491] (1969).

455 U.S. at 481, 102 S.Ct. at 1183. And, to paraphrase the Court's conclusion, it would seem clear that under this general rule Fischer's claim for reimbursement of funds was moot once forfeiture of those funds was established under the plea agreement. Indeed, once the appellee pled guilty to the count that included forfeiture, was sentenced under that plea agreement, and was ordered to forfeit all the escrowed assets and proceeds to the government, the issue of reimbursement could no longer be considered a "live" issue. Fischer relinquished her claim by agreeing to forfeiture.

And yet, a case cannot be moot if it is "capable of repetition, yet evading review." This situation is found only when two elements are combined:

> (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there

1. On May 15, 1986, pursuant to a previous motion by Fischer, District Court Judge Frank McGarr ordered the release of $1,942.25 for payment of moving expenses, and $5,000 for payment of a retainer to Fischer's attorney, but left disposition of the balance of the escrow fund to the jurisdiction of the judge before whom the indictment was pending. Thereafter, Judge Harry D. Leinenweber heard subsequent proceedings in the case.

2. Recognizing our constitutional obligation to resolve the question of mootness of the appeal before us, *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971), we

raised the issue of mootness *sua sponte* and offered time to both parties to brief the question. Neither Fischer nor her counsel of record during the plea agreement responded; however, the attorney who represented Fischer prior to the plea negotiations notified the court that Fischer's present lawyer saw "no reason why the appeal should not be dismissed as moot." The government responded briefly that the issue was not moot because the District Court had not yet entered an order of forfeiture. Shortly after that response, however, the District Court did issue its order; therefore the government's argument itself is moot.

was a reasonable expectation that the same complaining party would be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (per curiam). *See Murphy v. Hunt*, 455 U.S. at 482, 102 S.Ct. at 1183. The Court has made clear that "a mere physical or theoretical possibility" of repetition is not sufficient; there must be a " 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. at 482, 102 S.Ct. at 1184, quoting *Weinstein v. Bradford*, 423 U.S. at 149, 96 S.Ct. at 349.

Although it perhaps can be said that the challenged action was too short to be fully litigated because the Order for Forfeiture was issued before this appeal was determined, the second prong necessary under the "capable of repetition yet evading review" doctrine cannot be satisfied. We can find no reasonable probability that the circumstances herein are capable of repetition, that Fischer will again be in a position to seek reimbursement of escrowed funds. She herself consented [3] to the forfeiture of the assets in question to the United States. Therefore, she now lacks "a legally cognizable interest in the outcome" of her motion for reimbursement. *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Missing as well is the object of her motion, the funds from which the reimbursement could be made. And, as this court has succinctly stated, no *res*, no case. *United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 571 (7th Cir.1987). Even if other funds were available, the possibility that Fischer will again be requesting reimbursement is highly unlikely. *Id.* at 573.

We thus conclude that no "case or controversy" remains. The "live" controversy ended when Fischer voluntarily, through her plea agreement, forfeited the funds available for the reimbursement she originally requested, and when the court acted upon that plea by issuing its Order of Forfeiture. Such actions removed any possibility that the funds from which reimbursement could be made were available. *See Boston Teachers Union, Local 66 v. Edgar*, 787 F.2d 12, 16 (1st Cir.1986).

The government has urged us to find that this case was not moot, perhaps in the hope that we would issue an opinion reversing the district court's decision and it would have the benefit of a favorable precedent for future cases—"in other words, the benefit of an advisory opinion favorable to the government's position." *U.S. v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d at 574. However, the government of course recognizes that advisory opinions are forbidden by Article III of the Constitution and by the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 (1982). "The court is not empowered to decide moot questions, or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it." *California v. San Pablo & Tulare Railroad*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893).

Having determined that the issue before us is no longer a "live" controversy, and that the exception to mootness is not satisfied by the circumstances herein, we therefore hold that this appeal is moot. Accordingly, the judgment below is vacated and remanded with a direction to dismiss the complaint or motion. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950).

---

**3.** Throughout the plea negotiations, Fischer was represented by an attorney. The agreement was clear and unambiguous. By her signature Fischer acknowledged that she understood the agreement, and that she made it voluntarily and knowingly. There has been no challenge to the agreement, the subsequent sentence, or the Order and Judgment of Forfeiture.