UNITED STATES of America,
Plaintiff/Appellee,

v.

Robert B. PEMBERTON, Jr.,
Defendant.

Appeal of Michael H. METZGER.

No. 87–1877.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 1987.

Decided Aug. 5, 1988.

* The Honorable Earl H. Carroll, United States District Judge for the District of Arizona, sitting   by designation.

John Stephen Graham, Asst. U.S. Atty., San Francisco, Cal., for plaintiff/appellee.

Ephraim Margolin, San Francisco, Cal., and Christina C. Arguedas, Berkeley, Cal., for amici curiae.

AJ Kutchins, Berkeley, Cal., amici curiae National Association of Criminal Defense Lawyers and California Attorneys for Criminal Justice.

Before SKOPIL, Jr., NELSON and BEEZER,[*] Circuit Judges.

PER CURIAM:

We are asked on this appeal to determine whether the government's refusal to release assets, forfeited pursuant to 21 U.S.C. § 881(a)(6) (1982), to pay the attorneys fees of a criminal defendant violates the sixth amendment right to counsel. We are unable to reach this issue, however, because we conclude that the defendant's plea agreement in another case, providing for forfeiture of the assets at issue, renders this appeal moot. We therefore dismiss the appeal.

## FACTS AND PRIOR PROCEEDINGS

On July 17, 1986, Robert Pemberton was indicted on six counts of drug related offenses. That same day, pursuant to a warrant of arrest of real and personal property, the government seized various assets of the defendant valued at approximately $750,000.

Shortly before his first trial, Pemberton sought and retained the services of attorney Michael Metzger. That trial resulted in a hung jury on all counts. A mistrial was declared. Before the second trial, Metzger filed a motion seeking the release of some of the property seized by the government for payment of his fees and trial expenses. The district court granted that motion and ordered the government to release $15,000 worth of assets for payment to Metzger.

Michael H. Metzger, Sausalito, Cal., pro se.

---

* Judge Beezer was drawn to replace Judge Kennedy. He has read the briefs, reviewed the record and listened to the tape of oral argument held on October 8, 1987.

The second trial resulted in Pemberton's convictions on several counts. Metzger thereafter filed a second motion to exempt seized assets to satisfy his request for an additional $80,845 in fees. This time the district court denied the motion, apparently finding that Pemberton had other assets that had not been subjected to governmental restraint. In that same order, however, the court found that Pemberton was unable to afford representation and therefore it appointed Metzger to serve as counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A (1982).

On appeal Metzger contends that the district court's denial of the motion to release assets to pay attorneys fees violates Pemberton's sixth amendment right to counsel. Shortly after argument in this matter, however, a stipulation between the parties in the civil forfeiture action disposed of all of the assets subject to forfeiture. The stipulation was part of a plea agreement in another criminal action against Pemberton. Under the terms of the stipulation, all assets except $80,000 were forfeited to the government. We requested the parties to brief whether this stipulation rendered Metzger's arguments moot.

## DISCUSSION

■ Generally a case becomes moot when the controversy is no longer "live" or the parties lack a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam). Metzger argues that his claim of fees is not moot because he received only $40,000 of the released assets. We agree that Metzger's partial receipt of fees does not render moot Pemberton's sixth amendment claim. We also agree that the controversy is not made moot by the fact that Metzger has in fact represented Pemberton throughout both trial and appeal. *See United States v. Nichols,* 841 F.2d 1485, 1497–98, (10th Cir. 1988) (reaching constitutional issue even though defendants were fully represented by chosen counsel). We are concerned, however, that the stipulation had the effect of disposing of all property from which Metzger seeks payment of fees.

■ In *United States v. Fischer,* 833 F.2d 647, 649 (7th Cir.1987), the government's appeal from the district court's order granting defendant's motion for release of restrained funds was rendered moot when the defendant was sentenced pursuant to a plea agreement that provided for forfeiture. The court reasoned that the defendant "relinquished her claim by agreeing to forfeiture." *Id.* at 648. Similarly, we conclude that when Pemberton agreed to forfeiture, he relinquished his claim for a release of assets to pay Metzger's fees.

■ Finally, we examine whether this controversy although moot is one which we should nevertheless resolve. The issue is important and already the subject of considerable judicial debate. *Compare United States v. Monsanto,* 852 F.2d 1400, 1401, (2d Cir.1988) (en banc) (defense fees are exempt from forfeiture) with *In re Forfeiture Hearing as to Caplin & Drysdale,* 837 F.2d 637, 646 (4th Cir.1988) (en banc) (defense fees are subject to forfeiture). *See also Nichols,* 841 F.2d at 1490 (noting divided courts). Pending cases in our own circuit raise the identical issue. Nevertheless, although it is clear that the issue must eventually be decided in this circuit, this is not an issue that is " 'capable of repetition, yet evading review' " so that we should reach the merits here. *See Cox v. McCarthy,* 829 F.2d 800, 803 (9th Cir.1987) (quoting *Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911)). The capable-of-repetition doctrine applies only when it is expected that " 'the same complaining party would be subjected to the same action again.' " *Lane v. Williams,* 455 U.S. 624, 634, 102 S.Ct. 1322, 1328, 71 L.Ed.2d 508 (1982) (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975)). *See also Cox,* 829 F.2d at 803–04 (applying "same plaintiff" standard). We find no reasonable expectation that Pemberton will again be in a position to seek the release of other forfeited assets. *See Fischer,* 833

F.2d at 649 (once defendant consents to forfeiture, no reasonable possibility that she will again be in a position to seek reimbursement of escrowed funds).

We conclude the controversy presented to us on appeal has been rendered moot by the parties' post-argument distribution of the restrained assets. We therefore dismiss the appeal.

DISMISSED.