

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2005

# USA v. Waters

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3636

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"USA v. Waters" (2005). *2005 Decisions*. Paper 893.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/893

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-3636
_____

UNITED STATES OF AMERICA

v.

KEITH WATERS, a/k/a Keith Moore,
a/k/a Karate Keith,
a/k/a Mr. Keith

Keith Waters,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00457-2)
District Judge:  The Honorable James T. Giles

_____

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2005

BEFORE: NYGAARD, SMITH, and FISHER, Circuit Judges.

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant Keith Waters was found guilty by a jury of conspiracy to distribute more than 50 grams of cocaine base crack within 1000 feet of a school zone, in violation of 21 U.S.C. § 846(b)(1), § 841(a)(1)(A), and § 860. He was sentenced to life imprisonment. We will affirm his conviction, but vacate his sentence and remand for resentencing.

Because we write only for the parties, we discuss only those facts relevant to the issues on appeal. This case centers around a large scale drug organization in Philadelphia known as "Do or Die" or "D.O.D." run primarily by Daniel Coach. Waters played a variety of roles in this organization including teaching Coach how to run a drug trafficking organization, selling "cut" to Coach, helping Coach run a drug location when he was incarcerated, and selling Coach cocaine and crack.

**I.**

At trial, and over Waters' objection, the Government introduced audio tapes of recorded telephone calls made by Waters after his arrest while he was housed at the Federal Detention Center in Philadelphia.

2

Waters objects to the conversations between himself and individuals who were not members of the conspiracy. Waters objects because the statements were made while he was incarcerated and not involved with any conspiracy and because the individuals to whom he was speaking were not members of the conspiracy. The statements, however, are Waters' own admissions and are admissible under Federal Evidence Rule 801(d)(2)(A) regardless of who was on the other end of the line or when they were made. Thus, the District Court did not abuse its discretion in admitting the tapes.

## II.

The Government also offered testimony by Clifton Junius, a witness who worked for the D.O.D./Coach organization. Waters objects to the portion of Junius' testimony relating to transactions between Waters and Junius that took place in the summer of 2000. Prior to his trial on the charges relating to the D.O.D./Coach conspiracy, Waters pleaded guilty to an indictment relating to these transactions. Waters claims that his involvement with Junius was completely distinct from the D.O.D./Coach organization, and therefore testimony about those transactions was irrelevant and intended only to prejudice the jury against him. Furthermore, Waters claims that because he was already convicted of charges relating to the 2000 transactions, using that evidence against him in this case constituted double jeopardy.

At trial, Junius testified that he worked for the Coach organization almost from its inception and played numerous roles in the organization. He testified that he interacted

3

with Waters throughout the organization's existence, and that beginning in 1998 he worked directly for Waters in Coach's absence. When Coach returned in 1999 he continued to work with both Coach and Waters. Waters and Junius were both arrested on July 20, 2000 after Junius had made several sales to a confidential informant. The drugs had been obtained from Waters. Waters pleaded guilty to three counts of distribution of crack within 1,000 feet of a school and was sentenced to 151 months' imprisonment for sales made in the summer of 2000.

During Junius' testimony at the trial for the present case, Waters objected when Junius began to testify regarding the 2000 sales, claiming that those sales were part of a separate conspiracy. The Government argued that the sales were part of the charged conspiracy. In voir dire, outside the presence of the jury, Junius testified that he obtained the crack in 2000 from Waters who was continuing to "cook" for Coach. Based on that testimony, the District Court allowed the questioning and defense counsel did not renew his objection.

Given the voir dire conducted by the District Court, we cannot say that the Court abused its discretion in determining that the evidence was relevant to the charged conspiracy. Waters appears to argue on appeal that this evidence was improperly admitted character evidence, but the record demonstrates that it was not admitted for the purpose of establishing Waters' character, but as direct evidence of his guilt.

4

Waters is also incorrect in his assertion that the admission of Junius' testimony violated the Double Jeopardy Clause. Waters was not previously convicted of a conspiracy count with respect to the 2000 transactions, only the substantive crime of distribution. Because a substantive crime and a conspiracy to commit that crime are not the "same offense" for double jeopardy purposes, the District Court did not err in admitting the testimony. *See United States v. Felix*, 503 U.S. 378, 389 (1992).

## III.

Waters also claims that the evidence admitted at trial is insufficient to support his conviction. "A claim for insufficiency of the evidence places a very heavy burden on an appellant." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990).

Waters argues that because the Government's case relied almost exclusively upon cooperating witness testimony, it was insufficient. We have previously rejected this rationale. *Untied States v. Perez*, 280 F.3d 318, 344 (3d Cir. 2002). Thus, Waters' claim that there is insufficient evidence to support his conviction is without merit.

## IV.

Finally, Waters objects to the sentence imposed by the District Court. Since the filing of this appeal, the United States Supreme Court has decided the case of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005). Having determined that the sentencing issues Waters raises are best determined by the District Court in the first instance, we vacate the sentence and remand for resentencing in accordance with *Booker*.