In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 20-1200

E.F.L.,

*Petitioner-Appellant,*

*v.*

BILL PRIM, *et al.,*

*Respondents-Appellees.*

———————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:20-cv-00072 — **Steven Charles Seeger**, *Judge.*

———————

ARGUED OCTOBER 29, 2020 — DECIDED JANUARY 26, 2021

———————

Before FLAUM, KANNE, and HAMILTON, *Circuit Judges.*

KANNE, *Circuit Judge.* E.F.L.'s[1] petition for habeas corpus
asks that we enjoin the Department of Homeland Security
from removing her while her Violence Against Women Act

———————

[1] Because of E.F.L.'s allegations of domestic abuse and her fear of re-
taliation, this court granted her motion to use a pseudonym while pursu-
ing this appeal. *See Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d
869, 872 (7th Cir. 1997).

petition is pending. That petition, though, has been approved. So E.F.L.'s request is moot. Plus, Congress has divested us of jurisdiction over such challenges. We thus affirm the district court's decision dismissing E.F.L.'s habeas petition for want of jurisdiction, and we terminate our temporary stay of removal.

## I. BACKGROUND

E.F.L. is a Mexican national and citizen who has lived in the United States for nearly twenty years.[2] During that time, she has endured domestic abuse that is extreme in nature. We will not repeat any nongermane details of her harrowing allegations here. But in 2018, the Department of Homeland Security ("DHS") discovered E.F.L.'s undocumented presence in the country, reinstated a prior removal order against her, and scheduled her removal.

E.F.L. then travailed several avenues pursuing relief from removal. First, E.F.L. filed an application for withholding of removal under the Immigration and Nationality Act and the Convention Against Torture. While that application was under review, she sought alternative relief by filing a self-petition under the Violence Against Women Act ("VAWA") with the United States Citizenship and Immigration Services ("USCIS").

The resolution of these pursuits has been a bit circuitous. An immigration judge and the Board of Immigration Appeals denied E.F.L.'s application for withholding of removal, and we declined to review that decision. After we did so—but

---

[2] We accept as true all of E.F.L.'s well-pled factual allegations and draw all reasonable inferences in her favor. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

while E.F.L.'s VAWA petition remained pending—DHS sought to execute E.F.L.'s removal order. That prompted E.F.L. to file the habeas petition currently before us.

E.F.L.'s habeas petition seeks "preliminary and permanent injunctive relief enjoining [DHS] from removing [her] from the U.S. while her VAWA self-petition remains pending with USCIS." As a basis for this injunction, the petition alleges that "[i]f USCIS approves her VAWA self-petition, then [she] will receive deferred action, employment authorization, and permission to remain in the U.S." And as a result, DHS would violate the Due Process Clause and the Administrative Procedure Act by executing E.F.L.'s removal order while her VAWA petition remains pending.

The district court dismissed E.F.L's habeas petition for lack of subject matter jurisdiction because 8 U.S.C. § 1252(g) provides that no court has jurisdiction to entertain a challenge to DHS's decision to execute a removal order. That decision is the basis of this appeal. We entered a temporary stay of removal while considering this appeal.

During the pendency of this appeal, USCIS approved E.F.L.'s VAWA petition. Based on that approval, E.F.L. submitted adjustment of status and waiver applications to USCIS. She has not yet received work authorization as she expected.

## II. ANALYSIS

"We review de novo the district court's dismissal for lack of subject-matter jurisdiction." *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 912 (7th Cir. 2009) (citing *Scott v. Trump Ind., Inc.*, 337 F.3d 939, 942 (7th Cir. 2003)).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and

statute, which is not to be expanded by judicial decree." *United States v. Alkaramla*, 872 F.3d 532, 534 (7th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

E.F.L.'s habeas petition falls outside of that limited jurisdiction for two reasons. First, the petition is moot because E.F.L.'s VAWA petition has been approved. Second, in 8 U.S.C. § 1252(g) Congress stripped federal courts of jurisdiction over such challenges to executive branch decisions to execute removal orders.

*A.  Mootness*

The Constitution limits our jurisdiction to resolving live "Cases" and "Controversies," rather than issuing advisory opinions. U.S. Const. art. III, § 2, cl. 1. "Mootness is a constitutional doctrine designed to avoid the issuance of advisory opinions. '[A] suit becomes moot … when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Trinity 83 Dev., LLC v. ColFin Midwest Funding, LLC*, 917 F.3d 599, 601–02 (7th Cir. 2019) (first alteration in original) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). If this occurs, federal courts lose subject matter jurisdiction over the case. *See In re Repository Techs., Inc.*, 601 F.3d 710, 716–17 (7th Cir. 2010). We thus have a "constitutional obligation to resolve the question of mootness" and address it *sua sponte* if needed. *United States v. Fischer*, 833 F.2d 647, 648 n.2 (7th Cir. 1987) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

E.F.L.'s habeas petition is moot because it seeks to enjoin DHS from executing her removal order while her VAWA petition is pending, but that petition has now been approved. So we cannot grant E.F.L. the effectual relief she asks for.

Both E.F.L. and the government argue that, nevertheless, this case still presents a live dispute because E.F.L. is now seeking other forms of relief from removal, such as adjustment of status, that are "natural successors" to her now-approved VAWA petition.

But E.F.L.'s habeas petition does not ask for an injunction so that she can seek such relief. It asks for one so that USCIS can rule on her VAWA petition. In fact, the habeas petition repeats several times that "[i]f USCIS approves her VAWA self-petition, then [E.F.L.] will receive deferred action, employment authorization, and permission to remain in the U.S.," indicating that there were no "natural successors" to the VAWA petition.

Given our limited role of ruling on the cases that come before us, we will not amend E.F.L.'s petition to state otherwise just to keep this matter alive. *See N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (holding that the case became moot once the challenged statute changed during the appeal process, and declining to rule on the propriety of the updated statue or consider alternative forms of relief not requested in the complaint).

Both parties also argue that our recent decision in *Meza Morales v. Barr*, 973 F.3d 656 (7th Cir. 2020), compels us to hold that this case is not moot. We disagree.

Meza Morales was an undocumented immigrant who applied to USCIS for a "U visa," which could have entitled him to remain in the United States and to seek work authorization. *Id.* at 657–58. While this petition was pending, Immigration and Customs Enforcement sought to remove him. *Id.* at 659–60. After unsuccessfully seeking several forms of relief, Meza

Morales applied to us for an emergency stay of removal while his U visa application was pending. *Id.* at 660. As we were reviewing Meza Morales's case, USCIS approved him for a U visa and granted him deferred action. *Id.* His "removal order remain[ed] on the books, though, and Meza Morales continue[d] to petition our court for review of it." *Id.* We thus held that the approval of Meza Morales's U visa application did not render his case moot; Meza Morales asked for "vacatur of the removal order," and we could still grant that relief. *Id.*

E.F.L.'s habeas petition is different. It does not request that we vacate E.F.L.'s removal order or grant her any other still-possible forms of relief. All it asks is that we enjoin DHS from removing E.F.L. while her VAWA petition is pending. As explained, we are now wholly unable to provide that relief.

E.F.L. lastly argues that her petition is not moot because the issues it raises are "capable of repetition, yet evading review." *Fischer*, 833 F.2d at 649. For this mootness exception to apply, "there must be a '"demonstrated probability" that the same controversy will recur involving the same complaining party.'" *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). That condition is not met here because the controversy set forth in E.F.L.'s habeas petition—whether DHS can execute E.F.L.'s removal order while she has a pending VAWA petition—cannot recur. Her VAWA petition has been approved once and for all.

### B.  8 U.S.C. § 1252(g)

Congress has given federal courts of appeal the power to review removal orders. 8 U.S.C. § 1252(a). But what Congress can give, it can take away. In 8 U.S.C. § 1252(g), Congress did just that and divested us of jurisdiction over challenges to

executive branch decisions to execute removal orders. That jurisdiction-stripping provision states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General [or DHS] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.[3]

This statute does not sweep broadly; only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). For instance, in *Fornalik v. Perryman*, we exercised jurisdiction over a noncitizen's habeas petition, and even stayed the execution of his removal order, because "[h]is claim [wa]s not that the Attorney General [wa]s unfairly executing a removal order, but rather that a prior, unrelated error ma[de] his removal improper." 223 F.3d 523, 532 (7th Cir. 2000).

But § 1252(g)'s narrow sweep is firm; we cannot entertain challenges to the enumerated executive branch decisions or actions. For example, in *Sharif ex rel. Sharif v. Ashcroft*, two habeas petitioners sought to enjoin the Immigration and Naturalization Services ("INS") from executing removal orders

---

[3] Section 1252(g)'s reference to the Attorney General applies to the decisions and actions of DHS. *See* 6 U.S.C. §§ 251, 557; *Elgharib v. Napolitano*, 600 F.3d 597, 606–07 (6th Cir. 2010) ("[T]he statutory reference to the 'Attorney General' in § 1252(g) now means 'Secretary of DHS.'").

against them while they pursued administrative review and applied for statutory relief. 280 F.3d 786, 787 (7th Cir. 2002). We held that § 1252(g) barred federal courts from exercising jurisdiction over these petitions because they arose from the INS's decision to execute the removal orders. *Id.*; *see also Gomez-Chavez v. Perryman*, 308 F.3d 796 (7th Cir. 2002) (holding that § 1252(g) barred an immigrant's challenge to the execution of a removal order while his application for waiver of inadmissibility was outstanding); *Fedorca v. Perryman*, 197 F.3d 236, 240 (7th Cir. 1999) ("Fedorca seeks as relief only a stay of deportation pending his appeal to the BIA—or in other words, review of the decision to execute his deportation, which is barred by § 1252(g).").

E.F.L.'s habeas petition falls directly in § 1252(g)'s path. Like the petitioners in *Sharif*, E.F.L. challenges DHS's decision to execute her removal order while she seeks administrative relief. And unlike the petitioner in *Fornalik*, she does not challenge the legality of her removal order. Federal courts thus do not have jurisdiction to hear her claim.

The heart of E.F.L.'s argument to the contrary is that § 1252(g) limits judicial review of DHS's "discretionary decisions" to execute removal orders, but here, E.F.L. challenges DHS's "legal authority" to execute her removal order her while she seeks administrative relief.

This argument is not persuasive. First, it runs smack into precedent. In *Sharif*, to take just one of many examples, the petitioners made nearly identical arguments, as explained above, and we held that § 1252(g) barred us from exercising jurisdiction.

Second, the distinction between DHS's "discretionary decisions" and its "legal authority" to execute removal orders is illusory. Section 1252(g) precludes judicial review of "any" challenge to "the decision or action by [DHS] to … execute removal orders." That includes challenges to DHS's "legal authority" to do so. Otherwise, § 1252(g) would be a paper tiger; any petitioner challenging the execution of a removal order could characterize his or her claim as an attack on DHS's "legal authority" to execute the order and thereby avoid § 1252(g)'s bar. *See Ragbir v. Homan*, 923 F.3d 53, 64 (2d Cir. 2019), *cert. granted, judgment vacated sub nom. Pham v. Ragbir*, 141 S. Ct. 227 (2020) ("To remove th[e] decision [to execute a removal order] from the scope of section 1252(g) because it was allegedly made based on unlawful considerations would allow plaintiffs to bypass § 1252(g) through mere styling of their claims."); *Tazu v. Att'y Gen. U.S.*, 975 F.3d 292, 298 (3d Cir. 2020) ("Any other rule would gut § 1252(g)."). We will not render § 1252(g) so toothless.

E.F.L. also makes several secondary arguments against the application of § 1252(g). To start, she relies on the Supreme Court's decision in *I.N.S. v. St. Cyr*, which allowed a habeas petitioner to challenge "the Attorney General's conclusion that, as a matter of statutory interpretation, he [wa]s not eligible for discretionary relief." 533 U.S. 289, 298 (2001). E.F.L. has not presented a similar challenge. Instead, she has asked a federal court to bar DHS's execution of her admittedly valid removal order. In addition, *St. Cyr*'s only mention of § 1252(g) is a footnote explaining that the section was "not relevant" and reaffirming *Reno*'s holding that § 1252(g) bars jurisdiction over challenges to the execution of removal orders. *Id.* at 311 n.34 (citing *Reno*, 525 U.S. at 471)).

E.F.L. also asserts that in *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004), we created an exception to § 1252(g) that applies here. We did not. In *Subhan*, we reviewed an immigration judge's decision to enter an order of removal and held that the immigration judge erred in denying the petitioner a continuance in the proceedings without reasoning why. *Id.* at 595. The case had nothing to do with § 1252(g).

As a final note, contrary to E.F.L.'s arguments, neither the APA nor the Suspension Clause mandates that we must have jurisdiction over E.F.L.'s petition. The APA is inapplicable because § 1252(g) precludes judicial review and because DHS's decision to execute E.F.L.'s removal order is discretionary. 5 U.S.C. § 701(a) ("This chapter applies, according to the provisions thereof, except to the extent that— (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."); *see also Lalani v. Perryman*, 105 F.3d 334, 337 (7th Cir. 1997) ("[T]he APA is not a useful tool for aliens challenging immigration decisions."). And the Suspension Clause is inapplicable because E.F.L.'s habeas petition does not "contest[] the lawfulness of restraint" or seek to "secur[e] release" from custody; it instead vies for her right to "remain in [the United States] or to obtain administrative review potentially leading to that result." *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1969 (2020).

### III. Conclusion

We acknowledge the district court's recognition of "the seriousness of E.F.L.'s allegations about decades of abuse, and the extraordinarily difficult situation that she and her family continue to face." But we cannot provide E.F.L. the relief that she seeks. The judgment of the district court is therefore AFFIRMED, and the temporary stay of DHS's execution of

E.F.L.'s removal order is TERMINATED as of the date of this opinion.