In the

# United States Court of Appeals
## For the Seventh Circuit

No. 21-2091

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DONTE SHORTER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:13-cr-00580-1 — **Robert W. Gettleman**, *Judge*.

SUBMITTED JANUARY 25, 2022* — DECIDED MARCH 3, 2022

Before RIPPLE, WOOD, and JACKSON-AKIWUMI, *Circuit Judges*.

PER CURIAM. With under two years remaining on his prison sentence for a firearms offense, Donte Shorter moved for compassionate release citing elevated risks from

*We granted the parties' joint motion to waive oral argument, and the appeal is therefore submitted on the briefs and the record. Fed. R. App. P. 34(a)(2)(C), (f).

COVID-19 because of his preexisting conditions. The district court denied the motion. After filing this appeal, he was released from prison and placed on home confinement. Because, as the parties agree, a reduced prison sentence could no longer provide relief to Mr. Shorter, we dismiss the case as moot.

# I

# BACKGROUND

In 2014, Mr. Shorter pleaded guilty to possessing a stolen firearm in violation of 18 U.S.C. § 922(j). He had purchased a stolen gun, altered its serial number, and used it to threaten a person who, unbeknownst to Mr. Shorter, was a United States Marshal. The district court sentenced him to 117 months' imprisonment and 3 years' supervised release.

In December 2020, with approximately one-and-a-half years remaining on his term of imprisonment, Mr. Shorter moved, pro se, for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He asserted that his hypertension and sickle cell disease made him more susceptible to a severe COVID-19 infection. He therefore asked the court to reduce his sentence to time served to eliminate the unacceptable risk he faced while imprisoned. The Government filed a response in which it maintained that Mr. Shorter had not established extraordinary and compelling reasons for release. Among its arguments, the Government noted that Mr. Shorter did not suffer from sickle cell disease, but only that he carries the sickle cell trait. Mr. Shorter, now represented by counsel, filed a reply brief augmenting his initial argument and addressing those arguments raised by the Government.

The district court denied the motion. It explained, in full:

> The court finds that Mr. Shorter's medical conditions do not qualify him as having an extraordinary and compelling reason to grant compassionate release. Although Mr. Shorter has sickle cell trait, that is not the same as sickle cell disease, which, if he had such disease, would have made him extremely vulnerable to COVID-19. Sickle cell trait is more important in alerting potential parents that sickle cell disease could be passed on to their children. In addition, Mr. Shorter's medical records indicate that his hypertension is being successfully treated by the Bureau of Prisons. Finally, applying the factors of 18 U.S.C. § 3553(a), Mr. Shorter's serious criminal record and the offense for which he is serving his sentence constitute compelling reasons to deny his request for a reduced sentence of time served. Mr. Shorter has approximately 10 months left on his sentence and may be eligible for community placement prior to that. The court commends Mr. Shorter for making the progress he has while incarcerated and recognizes that he has a highly supportive family and community. The court joins Mr. Shorter in wishing him success in re-entering that community.[1]

---

[1] R.72 at 3.

Mr. Shorter then appealed, arguing that the district court abused its discretion in denying the motion by not adequately explaining its reasoning. *See generally United States v. Newton*, 996 F.3d 485, 489–90 (7th Cir. 2021) (remanding where the district court's treatment of the inmate's compassionate release motion gave "no assurance that the court gave [the inmate's] combination of conditions any focused consideration"). Regarding his preexisting conditions, he contends that the district court's cursory remark that his hypertension was well-treated did not sufficiently address his argument that this condition increases his risk from COVID-19. Further, he argues, the district court ignored his evidence that people with sickle cell trait are more susceptible to COVID-19, even if those with sickle cell disease are at even greater risk. As to the court's consideration of the § 3553(a) factors, Mr. Shorter contends that the district court was required, and failed, to consider his postconviction conduct and that compassionate-release decisions require a more thorough explanation than other sentence-modification rulings.

After the parties completed briefing, the Bureau of Prisons transferred Mr. Shorter out of prison to serve the remainder of his term of imprisonment in home confinement. That term tentatively ends in May 2022. He then will begin a three-year term of supervised release.

We ordered the parties to submit statements about Mr. Shorter's custody status and whether the compassionate-release issue was moot. Both parties responded that the

case is moot because Mr. Shorter is not in any Bureau of Prisons facility, including a residential reentry center.[2]

## II

## DISCUSSION

We begin our consideration of this appeal by assessing our jurisdiction to resolve it on the merits.[3] Federal jurisdiction requires that a party have a "personal stake" in the litigation's outcome. This requirement persists throughout all stages of review, including the appeal. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). If an intervening circumstance removes that personal stake, a court must dismiss the case as moot. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013). A party has no stake in a case when the court cannot fashion any relief that would have a meaningful impact on that party. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012))). Furthermore, potential injuries that are too speculative cannot serve as the source of a party's interest in a case. *Eichwedel v. Curry*, 700 F.3d 275, 278–79 (7th Cir. 2012) (noting that "[t]he best that Mr. Eichwedel can do is to point to the *possibility* that he *might* have served a shorter period of

---

[2] Defense counsel did not file a form signed by Mr. Shorter indicating he consented to dismissal of the appeal, *see* Cir. R. 51(f), so we must address whether the case is moot—even though the parties agree that this case should be dismissed.

[3] *See E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021) (noting courts' "constitutional obligation to resolve the question of mootness" (quoting *United States v. Fischer*, 833 F.2d 647, 648 n.2 (7th Cir. 1987))).

incarceration before beginning his period of supervised release," which was not sufficient to establish an ongoing controversy).

Mr. Shorter's release from prison renders moot his pursuit of compassionate release. All that he requested—and all the district court could have done for him under § 3582(c)(1)(A)(i)—has been accomplished by his release from prison to home confinement (rather than to any Bureau of Prisons facility). Reducing his sentence now could not affect any enhanced exposure to COVID-19 because of conditions in the prison. He no longer resides there. There simply is no effectual relief that the court can grant.

Our colleagues in the Second Circuit applied this reasoning to a nearly identical set of facts and concluded that a former inmate's case was moot. *See United States v. Chestnut*, 989 F.3d 222 (2d Cir. 2021). There, an inmate's prison term ended (and his supervised-release term began) while his compassionate-release appeal was pending. *Id.* at 224. The only factual difference between *Chestnut* and Mr. Shorter's case is that Mr. Shorter is on home confinement for the next three months before his supervised-release term starts. This distinction is immaterial. Just as "[s]upervision by the U.S. Probation Department will not increase [an inmate's] risk from COVID-19," *id.* at 225, neither will home confinement increase Mr. Shorter's risk.

Furthermore, our conclusion does not change even though Mr. Shorter hypothetically could return to prison through a violation of the conditions of either his home confinement, *see* 18 U.S.C. § 3624(g)(5), or his supervised release, *see id.* § 3583(e)(3). In *Spencer v. Kemna*, 523 U.S. 1, 5–6 (1998), a parolee tried to maintain a challenge against his parole

revocation after he had been rereleased. The parolee maintained that he had a stake in the case because that revocation could be used to increase his sentence in a hypothetical future proceeding. *Id.* at 15. The Supreme Court rejected that argument because the proposed injury "was contingent upon [the parolee's] violating the law, getting caught, and being convicted." *Id.* The Court was "unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws." *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974)); *see also Sanchez-Gomez*, 138 S. Ct. at 1541 (case-or-controversy requirement cannot be satisfied by mere possibility that one will be prosecuted in the future). Any chain of events leading to Mr. Shorter's potential return to the prison that he believed posed a very high medical risk to him is likewise too speculative to provide him with a constitutionally cognizable stake in this case. *See Preiser v. Newkirk*, 422 U.S. 395, 402 (1975) ("As to [the inmate's] original complaint, there is now 'no reasonable expectation that the wrong will be repeated[.]'").

## Conclusion

Mr. Shorter requested a modified sentence so he would no longer be in prison. He is no longer in prison, so there is no further relief that a court can grant him. Because the question whether Mr. Shorter was entitled to compassionate release is now moot, the appeal is dismissed. No costs will be awarded in this court.

DISMISSED