NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2022[*]
Decided September 1, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-3209

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:06-cr-114 |
| LARRY COCHRAN, *Defendant-Appellant.* | James T. Moody, *Judge.* |

**O R D E R**

Larry Cochran appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The district court assumed that Cochran, who is blind,

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

requires a wheelchair, and has other medical problems, had shown extraordinary and compelling reasons for his release. But the judge found that the sentencing factors in 18 U.S.C. § 3553(a) weighed heavily against early release. Now the government has moved to dismiss the appeal because Cochran was released from prison last month. Because Cochran's release renders the appeal moot, we vacate the underlying order and remand with instructions to deny Cochran's motions for compassionate release as moot.

In 2007 Cochran was found guilty of possessing cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Cochran later sought several sentencing reductions. The district judge lowered Cochran's term to 240 months in prison and three years' supervised release, but he denied Cochran's motions for compassionate release. Cochran appealed, seeking a further reduction. We affirmed the new sentence but remanded to allow the judge to reconsider his denial of compassionate release. *United States v. Cochran*, 784 F. App'x 960 (7th Cir. 2019) (nonprecedential).

While the remand was pending, Cochran filed several more motions, which the judge construed collectively as two requests. The first was a renewed motion for compassionate release based on his health and the COVID-19 pandemic; the second was a motion to modify his terms of supervised release. In the order now before us, the judge denied only the compassionate-release request, deferring reconsideration of the conditions of supervised release.

On appeal Cochran primarily challenges the denial of compassionate release, but we need not resolve his arguments because his request for early release is moot. The government tells us that the Bureau of Prisons released Cochran from custody on July 28, 2022. Cochran does not dispute that he has been released. A defendant's "release from prison renders moot his pursuit of compassionate release" because there is no further relief a court can grant. *United States v. Shorter*, 27 F.4th 572, 575–76 (7th Cir. 2022). We therefore must vacate the underlying decision on the merits and remand with instruction to dismiss the motions for compassionate release as moot. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950).

Cochran raises one other issue: He says that the judge should have altered his terms of supervised release. But the judge did not decide that issue in the order now on appeal. After Cochran filed his notice of appeal in this case, the judge partially granted Cochran's request to modify his release conditions. That order is subject to a separate appeal, which we do not address now.

VACATED and REMANDED with instructions to DISMISS as MOOT