BLD-105                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3129
_____

UNITED STATES OF AMERICA,

v.

KEITH WATERS, a/k/a Keith Moore, a/k/a Karate Keith, a/k/a/ Mr. Keith
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2:01-cr-0457-002)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 20, 2025

Before: SHWARTZ, MATEY, and CHUNG, Circuit Judges

(Opinion filed March 25, 2025)
_____

OPINION*
_____

PER CURIAM

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Keith Waters appeals pro se from the District Court's order granting his motion for a reduction in sentence filed pursuant to Section 404 of the First Step Act of 2018. We will dismiss the appeal in part as moot and otherwise affirm the judgment of the District Court.

I

In 2003, a jury in the Eastern District of Pennsylvania convicted Waters of conspiracy to distribute more than 50 grams of cocaine base crack within 1000 feet of a school zone. See United States. v. Waters, 138 F. App'x 460, 461 (3d Cir. 2005) (not precedential) (noting Waters' judgment of conviction). He was sentenced to life imprisonment. See id. On direct appeal, we remanded pursuant to United States v. Booker, 543 U.S. 220 (2005). See Waters, 138 F. App'x at 463. On remand, the District Court resentenced Waters to 30-years imprisonment. Waters' subsequent direct appeal and request for post-conviction relief pursuant to 28 U.S.C. § 2255 proved unsuccessful.

In October 2024, Waters filed an "Emergency Motion under § 3582(c)(2) Amendment 706, 750, 782 Fair Sentencing Act § 404, Also Appointment of Counsel." In arguing that he was eligible for early release pursuant to the First Step Act, Waters also challenged his return to prison in September 2024, after having been sent to a halfway house in May 2024.

The Government agreed that Waters was eligible for a reduction under § 404 of the First Step Act and did not oppose reducing his sentence. Further, it noted that if the

2

District Court were to reduce Waters' sentence to the low end of the current sentencing range, it would result in Waters' immediate release from prison.

On October 24, 2024, the District Court granted Waters' motion determining that Waters should be resentenced pursuant to the "bottom of the current guideline range." See United States v. Waters, Crim. No. 01-cr-459-2, 2024 WL 4566106, at *4 (E.D. Pa. Oct. 24, 2024). The District Court resentenced Waters to 325 months imprisonment to be followed by the mandatory minimum term of eight years' supervised release. See id. Waters was immediately released by the Federal Bureau of Prisons and is serving his term of supervised release.

Waters appealed. He asserts that: (1) he should have received plenary resentencing by the District Court; (2) he should have received the same four-year term of supervised release as a co-defendant; (3) the Government misstated the sentencing guidelines; and (4) he should not have been returned to a halfway house in September 2024. The Government has filed a motion for summary affirmance.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. We generally review a district court's decision regarding a sentence reduction under the First Step Act for abuse of discretion. See, e.g., United States v. Shields, 48 F.4th 183, 189 (3d Cir. 2022). We may summarily affirm the District Court's decision if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4 & I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III

Under Article III, § 2 of the Constitution, a federal court is confined to adjudicating cases or controversies. See TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit." Spencer v. Kemma, 523 U.S. 1, 7 (1998) (internal quotation marks omitted). A case though is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Chafin v. Chafin, 568 U.S. 165, 172 (2013).

To the extent that Waters challenges the recalculation of his prison sentence (essentially his first, third and fourth arguments listed above), his immediate release from prison following the District Court order renders this appeal moot. In this context, no decision of ours with regard to those issues could result in "any effectual relief": concerning his prison sentence. See United States v. Chestnut, 989 F.3d 222, 224-25 (2d Cir. 2021) (concluding that the appellant's placement on supervised release mooted his compassionate-release appeal because he "[f]ocus[ed] exclusively on why he should be released from *prison*" and "neither of [his] arguments have any tendency to support a reduction in his term of supervised release"); see also United States v. Shorter, 27 F.4th 572, 575-76 (7th Cir. 2022) (per curiam) (citing Chestnut and deeming moot compassionate-release appeal in light of appellant's release from prison). To that extent, the appeal is moot.

4

However, the appeal is not moot to the extent that Waters challenges the new term of supervised release imposed by the District Court. He appears to argue that he should have received the same reduced term of supervised release, four years, as a co-defendant, Travis Coffey. But Waters' supervised release term is double that of Coffey because Waters was also convicted under 21 U.S.C. § 860(a), which automatically doubled his term of supervised release compared to that of his co-defendant, Coffey. The District Court thus did not err in imposing an eight-year term of supervised release.

IV

To the extent that the appeal is not moot, it does not present a substantial question. Accordingly, we will dismiss the appeal in part as moot and otherwise grant the Government's motion for summary action and will in part affirm the judgment of the District Court.